# United States District Court
## for the
## District of Alaska

**Request for Modification of Conditions or Term of Supervised Release
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Orenton Leon Jacquet                    Case Number: A00-0020 CR (HRH)

Sentencing Judicial Officer:   H. Russel Holland, Senior U.S. District Court Judge

Date of Original Sentence:   June 9, 2000

Original Offense:            Bank Robbery

Original Sentence:           64 months imprisonment, 3 years supervised release

Date Supervision Commenced: May 6, 2005

### PETITIONING THE COURT

[ ]   To extend the term of supervised release for _____ years, for a total term of _____ years.
[X]   To modify the conditions of supervised release as follows:

The defendant shall reside at the Community Corrections Center for a period of 120 days and shall abide by the rules and regulations of the center. The defendant shall be eligible for release for work, substance abuse treatment, and mental health treatment."

### CAUSE

On June 9, 2000, the Court sentenced the offender to 64 months imprisonment and 3 years supervised release. The offender was due to be released on the federal sentence on October 17, 2004, but had a detainer in place from the Louisiana Board of Parole, and was transferred to Louisiana to serve the remainder of a state sentence there. He was released from state custody in Louisiana on May 6, 2005, and attempted to return to Alaska for his term of supervised release, however, the Parole Authorities in Louisiana would not allow him to leave that state until the expiration of his state parole term (i.e. November 13, 2005). The U.S. Probation Office, Eastern District of Louisiana agreed to supervise the offender for this Court until that time.

On July 28, 2005 and again on August 11, 2005, as part of his federal supervision in Louisiana, the offender submitted urine samples, which tested positive for the presence of cocaine. The offender admitted to using cocaine on both occasions. In response, that office referred the offender to an outpatient drug treatment program and verbally warned and reprimanded to offender regarding his illegal drug use. They also requested the Court be notified of the violations and on September 6, 2005, the Court approved the their request to take no action at that time for the violations of using cocaine.

*Request for Modification of Conditions or Term*
*Name of Offender      :      Orenton Leon Jacquet*
*Case Number           :      A00-0020-01 CR (HRH)*

In October 2005, the defendant was evacuated from New Orleans due to Hurricane Katrina. He spent several days in the Superdome in New Orleans and then was taken to Texas, Arizona, and Washington, where he then was able to travel to Anchorage, Alaska. On October 25, 2005, he reported to this office. On November 2, 2005, the defendant report employment in Anchorage. On November 4, 2005, the Court ordered the defendant's conditions modified to provided for additional drug testing under U.S. v. Stephens (as the defendant was now being supervised in the 9th Circuit). On November 12, 2005, the offender was arrested by the Anchorage Police Department for Driving while Intoxicated (DWI) after his blood alcohol level was determined to be .118 grams of alcohol per 210 liters of breath. On November 14, 2005, the offender reported his arrest to the probation officer. That same day, the offender was scheduled for an assessment at the Salvation Army Clithroe Center for substance abuse treatment. On November 16, 2005, the offender gave a urine sample, which tested negative for the presence of any illegal drugs. On November 17, 2005, the offender's DWI was reported to the Court with the recommendation that no court action be taken at that time. The Court concurred.

On November 22, 2005, the offender missed an appointment at the Salvation Army Clithroe Center (SACC) for a substance abuse evaluation. On November 23, 2005, the offender was confronted about the missed appointments and stated that he had not gotten a message left for him on his home telephone and that he could not find his cellular telephone. His appointment was rescheduled.

On December 1, the offender failed to report for urine testing. The offender was contacted and claimed that he was unable to contact the probation office's system regarding drug testing. The offender was re-instructed on the operation of the drug testing call-in system.

On December 5, 2005, the offender failed to report for urine testing. On December 6, 2005, the offender was contacted and instructed to report to the probation officer for urine testing. The offender reported and provided a urine sample, which tested positive for the presence of cocaine. The officer admitted to using cocaine on the prior Saturday (December 3, 2005) and Monday (December 5, 2005). The defendant advised that he believes he is using cocaine as he is suffering from stress at home (Upon his arrival in Alaska, the offender has been living with his ex-wife) and expressed a desire to "talk to somebody."

On December 6, 2005, the Court, with the consent of the defendant, modified the defendant's conditions to include a condition for mental health treatment.

On December 6, 2005, the defendant submitted a urine sample at the probation office that tested positive for cocaine. The defendant stated that he had gotten "thrown out of his house" and gotten "high."

On December 7, 2005, the defendant was seen at his residence and was advised that he would soon be scheduled to see a mental health specialist.

On December 14, 2005, the defendant pled guilty to the above-mentioned DWI and was sentenced to four days in the Cordova Center and a fine.

On December 20, 2005, the defendant was referred to the Center for Men and Women for mental health treatment.

*Request for Modification of Conditions or Term*
*Name of Offender      :      Orenton Leon Jacquet*
*Case Number           :      A00-0020-01 CR (HRH)*

On December 21, 2005, a report was sent to the Court detailing recent violations of the defendant but seeking no court action. The Court concurred.

On January 2, 2006, the defendant missed his first appointment at the Center for Men and Women.

On January 9, 2006, the defendant was assessed by a therapist at the Center for Men and Women and among the recommendations was that the offender be referred for medication.

On January 12, 2006, the probation officer received the diagnosis of the therapist indicating that the defendant had met the criteria for "Cocaine and Alcohol Abuse, Adjustment Disorder, and Conduct Disorder. In addition he meets the criteria for Bipolar I Disorder though more investigation is needed to confirm this diagnosis."

On January 20, 2006, the defendant missed a scheduled urine test at the probation office.

On January 24, 2006, the defendant called the probation officer and stated that he had missed his last urine test due to a trip to the emergency room. The defendant advised that he would provide paperwork indicating that he was indeed at the emergency room. Thus far the defendant has not provided any such verification.

On January 24, 2006, SACC contacted the probation officer to indicate that the defendant had not yet re-scheduled an intake interview.

On January 24, 2006, the probation officer spoke to the defendant's mental health therapist and was informed that he had been referred to Anchorage Neighborhood Health Clinic for a "mood stabilizer."

On January 27, 2006, the defendant had his assessment with SACC and was recommended for outpatient treatment.

On January 30, 2006, SACC contacted the probation officer and indicated that the defendant had yet to pick up his "packet" in order to begin the substance abuse treatment. That same day the probation officer spoke to the defendant, who requested a different drug treatment program as he couldn't "handle" the counselor to whom he had been assigned.

On January 31, 2006, the probation officer received a call from the Center for Men and Women indicating that the subject had been seen the night before, was in crisis, and "just barely hanging on." On that same day, the probation officer received a call from the defendant's employer, who indicated that he defendant had been fired that day. Finally, on January 31, 2006, the probation officer contacted the defendant, who was extremely upset and crying and advising that he didn't want to go to jail. The defendant admitted to using cocaine the night before and was told to report to the probation office prior to 5:00 p.m. The defendant reported to the probation office and agreed that his "life was out of control" and agreed to go to the Community Corrections Center (CCC) for a period of 120 days, with release for work and treatment. The defendant, who found placement at the Merrill Field Inn as a hurricane survivor, was instructed to report to the probation office daily while arrangements are made for placement into the CCC. The defendant signed the attached Probation Form 49 and it respectfully recommended that the Court modify the defendant's conditions as such.

*Request for Modification of Conditions or Term*
*Name of Offender        :        Orenton Leon Jacquet*
*Case Number             :        A00-0020-01 CR (HRH)*

Respectfully submitted,

*[signature]*

Eric D. Odegard
U.S. Probation/Pretrial Services Officer
Date: February 1, 2006

## THE COURT ORDERS:

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other:

*[signature]*

H. Russel Holland
Senior U.S. District Court Judge
Date: 2/2/06

-4-

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF ALASKA

U.S.A. v Orenton Leon Jacquet               Docket No. A00-0020-001 CR (HRH)

I, __Orenton Leon Jacquet__, have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my conditions of supervised release or my period of supervision being extended.  By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel.  I also agree to the following modification of my conditions of supervised release or to the proposed extension of my term of supervision:

"The defendant shall reside at the Community Corrections Center for a period of 120 days and shall abide by the rules and regulations of the center.  The defendant shall be eligible for release for work, substance abuse treatment, and mental health treatment."

Signed: _____   Date: 1/31/06
Orenton Leon Jacquet
Probationer or Supervised Releasee

Witness: _____   Date: 1/31/06
Eric Odegard
U.S. Probation/Pretrial Services Officer