NELSON P. COHEN
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-1500
E-mail audrey.renschen@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>ORENTON LEON JACQUET<br><br>            Defendant. | No. 3:00-cr-0020-HRH<br><br>GOVERNMENT'S MEMORANDUM FOR DISPOSITION HEARING ON VIOLATION OF SUPERVISED RELEASE |

The United States by Assistant United States Attorney Audrey J. Renschen, files this memorandum in response to the district court's order at Docket 58.

**The Evidence Presented at the March 7, 2007, Evidentiary Hearing**

Three violations were alleged as bases to revoke Jacquet's supervised release: (1) that he used cocaine, (2) that he committed state crimes of Family Violence, and (3) Domestic Assault. Docket 42.

The evidentiary hearing was brief. The defense indicated the defendant would admit the first violation, and the government indicated it would present evidence on the remaining allegations. Transcript at p. 3 [Docket 55].

The government called U.S. Probation Officer Chris Liedike, who testified that Jacquet's supervised release conditions prohibited him from committing any new crimes. Mr. Liedike further introduced Exhibits 1and 2, certified copies of State of Alaska Judgments documenting Jacquet's convictions in Case No. 3AN-07-598 CR, for "DV Assault" and "Family Violence." Transcript at pp. 4-6. The government presented no other evidence.

Jacquet then took the stand, and testified that he had pled "no contest" to the state charges, and that he had done so without a lawyer. Transcript at p. 7-8. When the government objected to the testimony, Mr. Dieni argued that if Jacquet denied the criminal conduct, his state no contest plea would not suffice to revoke his federal supervised release. Transcript at p. 9-11. After citing several appellate cases, Mr. Dieni was allowed to present Jacquet's denial testimony.

Undersigned counsel was unfamiliar with the case law Mr. Dieni cited, and was not prepared to present additional evidence about the state offenses to overcome the defendant's denial. Transcript at pp. 11-12.

The court then set a briefing schedule – shortened, at Mr. Dieni's request– and indicated without deciding, that the court might not reopen the hearing to allow any additional factual testimony from the government.

**The Government's Position**

The question raised by Mr. Dieni has not yet been litigated in the Ninth Circuit: whether a no contest plea under Alaska law, entered without an attorney's representation, is sufficient to revoke federal supervised release if the defendant denies the underlying state offense.

Regardless of the merit of that question, and regardless of how the Magistrate Judge answered that question in this case, undersigned counsel believed that the question itself raised the likelihood of additional briefing in both the district and circuit courts. In an effort to manage her limited resources, undersigned counsel chose not to fight that battle, and instead decided to present the evidence of Jacquet's domestic violence conduct for consideration in the more important matter of Jacquet's disposition.

Given Jacquet's history, and the court's finding that he already had been found in violation of his conditions of supervised release when he committed a Class C violation by using cocaine, it seemed more appropriate to present the domestic violence conduct as a salient factor for his disposition under 18 U.S.C. §§ 3553(a)(1),(a)(2)(A) and (a)(2)(C) [as authorized by 18 U.S.C. § 3583(e)]. The formal findings on the two convictions did not seem as important as what the details of those offenses, and Jacquet's denial, disclose about Jacquet's history and characteristics, and the need for this court's sentence to provide just punishment and to protect the public from further crimes.

**No Further Hearings by the Magistrate Judge Seem Appropriate**

As noted above, the evidentiary hearing on the violations did not cover any evidence about the events underlying Jacquet's two criminal convictions. As ordered by the court, the parties have discussed the issues and concluded that no additional evidentiary matters can be resolved by the Magistrate Judge, but are considerations for this court at the disposition hearing.

Mr. Liedike is still awaiting information from the Anchorage Police Department about the underlying reports and evidence upon which Jacquet's convictions are based. Undersigned counsel is hopeful that those materials will be

available for the disposition hearing the court indicated it would schedule next week.

RESPECTFULLY SUBMITTED THIS 30th day of March, 2007 at Anchorage, Alaska.

> NELSON P. COHEN
> United States Attorney
>
> s/ Audrey J. Renschen
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: audrey.reschen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2007,
a copy of the foregoing was served
electronically on:
Assistant Federal Defender
Michael Dieni, and
U.S. Probation Officer
Chris Liedike

s/ Audrey Renschen